IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 25-cv-04025-GPG

AMRAN AHMED MOHAMED,

    Petitioner-Plaintiff,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility (Aurora), owned and operated by GEO Group, Inc.;
ROBERT G. HAGAN, in his official capacity as Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement (ICE);
TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement (ICE);
KRISTI NOEM, in her official capacity as Secretary, U.S. Department of Homeland Security (DHS); and
PAMELA BONDI, in her official capacity as Attorney General, U.S. Department of Justice (DOJ),

    Respondents-Defendants.

## ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

Before the Court are the Verified Petition for a Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (Petition) (D. 1) and Motion for Temporary Restraining Order and Preliminary Injunction (Motion) (D. 2). The Court orders Respondents-Defendants (Respondents) to SHOW CAUSE in relation to the Petition and GRANTS IN PART the Motion as follows:

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241.

1

The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

In *Zadvydas v. Davis*, the United States Supreme Court held that the Immigration and Nationality Act (INA) does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. 533 U.S. 678, 699 (2001). "After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody." *Id*. at 683 (citing 8 U.S.C. § 1231(a)(2)). Thereafter, detention is discretionary. *Id*. (citing 8 U.S.C. § 1231(a)(6)). After a "6–month period" of detention following an order of removal, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. at 701.

After *Zadvydas*, the Attorney General promulgated regulations providing procedures and standards to "'continue detention of particular removable aliens on account of special circumstances even though there is no significant likelihood that the alien will be removed in the reasonably foreseeable future.'" *Hernandez-Carrera v. Carlson*, 547 F.3d 1237, 1242–43 (10th Cir. 2008) (quoting 8 C.F.R. § 241.14(a)). Although the record indicates that ICE has issued a Decision to Continue Detention for Respondent, it contains no stated basis for the belief that Petitioner-Plaintiff (Petitioner) is likely to be removed in the reasonably foreseeable future and there is no indication of another basis for Petitioner's continued detention (*see* D. 1-1 at 11, 23).

In contrast, Petitioner presented sufficient evidence to indicate that she has been in custody since at least February 2024, that she was ordered removed to Somalia, that she has been granted deferral of removal under the Convention Against Torture (CAT), and that she has not been

2

removed and in not in the process of being removed (D. 1-1 at 4, 6, 10–11). Accordingly, good cause appears to require Respondents to show cause why Petitioner should not be released or granted other relief on the basis that there is no significant likelihood of removal in the reasonably foreseeable future.

A court presented with an *ex parte* emergency request for a temporary restraining order (TRO) pursuant to Federal Rule of Procedure 65 is authorized to issue a TRO to avoid "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). The basic purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm" before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). TROs are—by definition—temporary: a TRO issued on an *ex parte* basis lasts no more than 14 days (unless the issuing court extends it "for good cause . . . for a like period or the adverse party consents to a longer extension"). *See* Fed. R. Civ. P. 65(b)(2). Moreover, when a court issues an *ex parte* TRO, the adverse party may appear on two days' notice—or on shorter notice set by the court—and move to dissolve or modify the TRO. *See* Fed. R. Civ. P. 65(b)(4).

The Government is constitutionally obligated to provide due process. *Zadvydas*, 533 U.S. at 690. "'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." *Trump v. J.G.G.*, 145 S. Ct. 1003, 1006 (2025) (per curiam) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). Expedited court intervention is sometimes necessary to prevent violations of due process rights during immigration proceedings. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) (granting TRO to prevent expedited deportation potentially violative of due process).

3

Petitioner has also presented evidence that she may be repatriated to Somalia or transferred to another country where she fears persecution or torture if she is removed to a third country without adequate notice and a meaningful opportunity to assert a claim for protection from removal under CAT (D. 1-1 at 10–11, 20–21, 71, 73–74). To protect the status quo, the Court enters this TRO enjoining Respondents from removing Petitioner from the United States without providing her a hearing to assert claims for protection under the CAT or transferring Petitioner out of Colorado. The Court expresses no view as to the merits of the Petition and does not rule on any of the other relief Petitioner seeks, such ordering her release (*see* D. 1 at 48–49; D. 2 at 16).

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and in order to preserve the Court's jurisdiction, Defendants SHALL NOT REMOVE Petitioner from the United States without providing her a hearing to assert claims under CAT or the District of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order. *See also Vizguerra-Ramirez v. Choate, et. al*, Case No. 1:25-cv-881, D. Colo., ECF No. 11 at 4-5 (collecting cases); *F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 603 (1966); *Local 1814, Int'l Longshoremen's Ass'n v. New York Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992). Within thirty (30) days, Respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted. *See Yassine v. Collins,* No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)). Petitioner may file a reply within thirty (30) days thereafter.

DATED December 19, 2025.

BY THE COURT:

_____
Gordon P. Gallagher
United States District Judge