IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 25-cv-04025-GPG

AMRAN AHMED MOHAMED,

      Petitioner-Plaintiff,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility (Aurora), owned and operated by GEO Group, Inc.;
ROBERT G. HAGAN, in his official capacity as Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement (ICE);
TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement (ICE);
MARKWAYNE MULLIN,[1] in his official capacity as  Secretary, U.S. Department of Homeland Security (DHS); and
PAMELA BONDI, in her official capacity as Attorney General, U.S. Department of Justice (DOJ),

      Respondents-Defendants.

---

**ORDER**

---

Before the Court are the Verified Petition for a Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (Petition) (D. 1).  The Court GRANTS the Petition for the following reasons.

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

---

[1] Substituted pursuant to Federal Rule of Civil Procedure 25(d).

1

In *Zadvydas v. Davis*, the United States Supreme Court held that the Immigration and Nationality Act (INA) does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. 533 U.S. 678, 699 (2001). "After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody." *Id*. at 683 (citing 8 U.S.C. § 1231(a)(2)). Thereafter, detention is discretionary. *Id*. (citing 8 U.S.C. § 1231(a)(6)). After a "6–month period" of detention following an order of removal, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. at 701.

After *Zadvydas*, the Attorney General promulgated regulations providing procedures and standards to "'continue detention of particular removable aliens on account of special circumstances even though there is no significant likelihood that the alien will be removed in the reasonably foreseeable future.'" *Hernandez-Carrera v. Carlson*, 547 F.3d 1237, 1242–43 (10th Cir. 2008) (quoting 8 C.F.R. § 241.14(a)).

Petitioner-Plaintiff Amran Ahmed Mohamed (Petitioner) seeks her release from ongoing detention (D. 1). Although the record indicated that ICE had issued a Decision to Continue Detention for Respondent, it contained no stated basis for the belief that Petitioner is likely to be removed in the reasonably foreseeable future and there was no indication of another basis for Petitioner's continued detention (*see* D. 1-1 at 11, 23). Accordingly, the Court ordered Respondents-Defendants (Respondents) to show cause why the Petition should not be granted (D. 6). They have responded (D. 7).

Respondents acknowledge that Petitioner is a refugee from Somalia who became a lawful permanent resident (D. 2). After Petitioner was convicted of some crimes in California, on June 27, 2018, Petitioner was ordered removed pursuant to 8 U.S.C. §§ 1227(a)(2)(A)(ii) and (iii) and granted withholding of removal under 8 U.S.C. § 1231(b)(3) (D. 7 at 6). On October 11, 2018, ICE released Petitioner from custody based on a determination that there was no significant likelihood of removal from the United States in the foreseeable future (*id*. at 3).

On February 26, 2024, ICE officers detained Petitioner upon her release from state prison and revoked her release on supervision (D. 7 at 4). On October 4, 2024, Petitioner was again ordered removed; however, she was also granted deferral of removal under the Convention Against Torture (CAT) (*id*.). After Petitioner was ordered removed, ICE began the process of pursuing Petitioner's removal to a third country (*id*. at 5).

On May 5, 2025, ICE conducted a Post-Order Custody Review (POCR) pursuant to 8 C.F.R. § 241.4 and determined that, at that time, removal was practicable, likely to occur in the reasonably foreseeable future, and in the public interest (*id*.). ICE conducted another POCR on October 8, 2025 (*id*.) None of this is in dispute.

ICE "states that it is pursuing Petitioner's removal to a third country" (D. 7 at 6). It states that, "in coordination with the U.S. State Department and DHS, it is currently working to evaluate and select a third country for removal" (*id*.). These conclusory statements repeat verbatim the statements offered by Respondents in the Declaration of Shane Blea, a Deportation Officer (D. 8 at 6).

After receiving Respondents conclusory evidence, the Court scheduled an evidentiary hearing to suss out what efforts were being made and if there was in fact any likelihood that

Petitioner would be removed in the near future (D. 9).  However, the parties jointly requested that the hearing be vacated, representing that they "do not have additional evidence or witnesses to present beyond the existing record" and that the Petition can be resolved as a matter of law on the existing record (D. 12 at 2).

Based on the record, the Court finds Petitioner has shown good reason to believe that her removal is not likely in the reasonably foreseeable future, and Respondents have not rebutted this showing.  The Government is constitutionally obligated to provide due process, including to aliens subject to removal proceedings.  *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006 (2025) (per curiam) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))).  Petitioner remains detained more than one year after she was ordered removed despite efforts to remove her. The conclusory statement that the government is working to remove her is not persuasive because no particular efforts are described and several past attempts over a number of years have failed.[2] There is no alternative basis, such as danger to the community asserted by Respondents that could make continued detention permissible.  Therefore, the Court finds that Respondents have detained Petitioner in violation of the Fifth Amendment and *Zadvydas*.  The Court will grant Petitioner's habeas petition and will order her release from custody under 28 U.S.C. § 2241(c)(3).[3]  *See Santacruz Macias v. Baltazar*, No. 1:26-CV-01046-SKC, 2026 WL 865174, at *4 (D. Colo. Mar. 30, 2026)

---

[2] As noted above, the Court scheduled a hearing so the Government could inform the Court as to any such efforts, but the Parties unanimously notified the Court that such a hearing was unnecessary.

[3] Because the Court's ruling affords Petitioner the relief she seeks, the Court need not address Petitioner's remaining arguments and requests.

Accordingly, it is ORDERED that the Verified Petition for a Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (D. 1) is GRANTED.   It is FURTHER ORDERED as follows:

1. Respondents are ORDERED to release Petitioner from custody immediately, but no later than within 24 hours of this Order. Respondents may not impose on Petitioner any additional conditions of release or supervision beyond those Petitioner was subject to in connection with her previous supervision unless and until any additional or modified conditions are imposed by an Immigration Judge.

2. Respondents SHALL FILE a status report within FIVE DAYS of this Order certifying compliance.

3. The Court's previous Order (D. 6) enjoining Respondents from removing Petitioner from Colorado or the United States is VACATED and replaced with the present Order.


DATED March 31, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge